**In re Richard C. McINTOSH, d/b/a Beatrice Marie Nursing Home, Milton View Nursing Home, Carver Manor Nursing Home, Debtor.**

**Terry Philip SEGAL, Trustee of Richard C. McIntosh, Plaintiff,**

**v.**

**Samuel PIERCE, Secretary of the Department of Housing and Urban Development, Defendant.**

**Bankruptcy No. 78–0039–G.**

United States Bankruptcy Court, D. Massachusetts.

Jan. 8, 1982.

Terry Philip Segal, Boston, Mass., for plaintiff.

Joseph Ackerstein, Boston, Mass., for defendant.

MEMORANDUM ON MOTION
TO DISMISS

PAUL W. GLENNON, Bankruptcy
Judge.

On July 28, 1981, the Chapter XII trustee filed a "Complaint in Action for Declaratory Judgment," seeking a determination that certain personal property on the premises of the Beatrice Marie Nursing Home belongs to the debtor's estate, may be liquidated by the trustee, and the proceeds held in escrow pending a determination of any and all rights therein. The United States of America, on behalf of its agency, the Department of Housing and Urban Development ("HUD"), has moved to dismiss the trustee's complaint for lack of subject-matter jurisdiction. Federal Rules of Civil Procedure, Rule 12(b)(1). The United States argues that Section 517 of the Bankruptcy Act[1] limits the bankruptcy court's jurisdiction to hear matters concerning property which is subject to a mortgage insured pursuant to the National Housing Act. See 11 U.S.C. § 917.

The facts pertinent to the question of the court's subject-matter jurisdiction do not appear to be in dispute. The debtor, Richard McIntosh, was the operator of several nursing homes, including the Beatrice Marie Nursing Home. The plaintiff is the duly appointed Chapter XII trustee, appointed pursuant to Section 432 of the Act. 11 U.S.C. § 832 and Bankruptcy Rule 12–17(b). As such, he has continued the operation of the nursing home. HUD has a first mortgage on the Beatrice Marie Nursing Home. The dispute focuses on the ownership of personal property used in the operation of the nursing home. HUD claims a valid security interest in the personal property, while the trustee challenges the validity of that security interest and seeks to have it declared unenforceable. The question for decision is whether the bankruptcy court may pass upon the validity of the security

interest of HUD. The mortgagee is in the process of foreclosing its mortgage on the nursing home in the U. S. district court and argues that the trustee must pursue his claim in that court.

DISCUSSION

Section 517 of the Act, in pertinent part, provides that:

> Nothing contained in this chapter shall be deemed to affect or apply to the creditors of any debtor under a mortgage insured pursuant to the National Housing Act and Acts amendatory thereof and supplementary thereto. . . .

The Chapter XII trustee has claimed an interest in certain property of the debtor and disputes the validity of the HUD security interest. The question has been posited as being whether § 517 bars the court from adjudicating such a dispute. But a closer look at the dispute itself makes it clear that what is being challenged is HUD's rights under § 517. Stated differently, the trustee argues that HUD's alleged security interest is invalid or otherwise unenforceable against him. If his argument be sustained, HUD would have no claim to the property which could be said to have arisen "under a mortgage insured pursuant to the National Housing Act", and § 517 would be wholly inapplicable to the personal property involved.

HUD appears to be arguing that the mere invocation of § 517 by it operates to place the question of its application to the instant case beyond the jurisdiction of this court to adjudicate. Nothing could be further from the truth. To the extent that § 517 restricts the jurisdiction of this court, if it does at all, it is for this court, in the first instance, to pass upon the scope of its jurisdiction. Section 517 limits the effect of a Chapter XII proceeding upon a certain class of creditors and a specific type of claim. Where the question is whether the

---

1. The Bankruptcy Act was repealed by the Bankruptcy Reform Act of 1978. Public Law 95–598. However, Section 403(a) of the Reform Act provides that all cases commenced under the original Act shall be conducted as if the New Act had not been enacted. Thus, all references to Title 11 of the United States Code are to the statute as it existed prior to its repeal.

particular creditor is one of the class to be protected by § 517, it is for this court to rule upon.

 A different way to look at this case is to say that under §§ 441[2], 44[3] and 70a(5)[4] the trustee is vested as of the date of his appointment with title to the personal property of the debtor as of the date of the filing of the petition. The bankruptcy court has jurisdiction to adjudicate claims against all of the debtor's property, wherever located, pursuant to § 441. Section 517 does not operate to remove from the bankruptcy court the primary task of adjudicating the rights and liabilities of those who come before it, nor does it remove or eliminate property from its jurisdiction. The question of the application of § 517 to claims against property within the exclusive control of the bankruptcy court is exclusively for the bankruptcy court to determine. Once it is found that a creditor qualifies for the "protection" of § 517, it would then operate to deprive this court of jurisdiction over that creditor or its claim. The court agrees with the trustee's analysis of this question.

HUD's argument begs the very issues presented by the Trustee's complaint—namely, whether HUD has an interest in the Personalty in the first instance and if it does, whether a security interest in the Personalty (as contrasted with a mortgage of real property) is protectible under section 517. If HUD does have a valid security interest in the Personalty which has attached, is perfected and has priority over other perfected interests therein, including the interest of the Trustee pursuant to section 70(c) of the Bankruptcy Act, then arguably section 517 would limit the jurisdiction of this Court. HUD would of course, still have to demonstrate that such security interest in the Personalty is protectible as a "mortgage" insured pursuant to the National Housing Act. Given the instant case, however, where the validity, perfec-

tion and priority of HUD's asserted security interest in property of the Debtor are at issue, there is no support for HUD's contention that section 517 limits the section 411 jurisdiction of this Court.

SUMMARY

1. The bankruptcy court has the power, in the first instance, to decide questions as to the applicability of section 517 of the Bankruptcy Act to alleged security interests of the Department of Housing and Urban Development, where the validity, perfection and priority of the asserted claim are at issue.

2. The bankruptcy court will not dismiss for lack of jurisdiction a Chapter XII trustee's complaint seeking a determination of his rights in certain property of the debtor where the adverse claimant's status as a mortgagee within the limits of § 517 of the Act are called into question.